RIMON, P.C.
Mark Lee (SBN 94103)
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone/Facsimile: 310.561.5776

Attorneys for Petitioner and
Opposing Party Brian Wilson

SPECTOR LAW, P.C.
Samantha Spector (SBN 204482)
ss@spectorlawfirm.com
1901 Avenue of the Stars Suite 1020
Los Angeles, California 90067
Telephone: 424-313-7500
Facsimile: 424.313.7505

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BRIAN WILSON,<br><br>    Petitioner and Opposing Party,<br><br>v.<br><br>MARILYN WILSON-RUTHERFORD, AND DOES 1-25, inclusive,<br><br>    Respondent and Moving Party. | Case No. 2:22-cv-01982<br><br>**BRIAN WILSON'S INITIAL RESPONSE TO MARILYN WILSON-RUTHERFORD'S REQUEST FOR ACCOUNTING AND OTHER RELIEF** |

Petitioner and Opposing Party Brian Wilson ("Brian"), provides the following initial response to the Request for Order of Accounting and Other Relief ("RFO") filed by Marilyn Wilson-Rutherford ("Marilyn") by admitting, denying and alleging as follows.

Brian provides the following initial response without prejudice to his filing a subsequent response herein, including but not limited to in response to any subsequent request, motion, evidence, or argument Marilyn files herein to comply with paragraph 4 of this Court's Standing Order, which in the case of removed

1

actions like this one requires Marilyn to refile motions and pleadings based on forms previously filed in state court, in this Court in a manner that complies with this Court's rules and the Federal Rules of Civil Procedure.

Brian provides the following admissions, denials, and affirmative defenses below. By designating defenses as affirmative, Brian does not concede that he bears the burden of proof with respect to any such defense, and he does not intend to and does not alter the burden of proof on such matters to the extent the burden rests on Marilyn. Further, Brian reserves the right to assert other affirmative defenses that Brian discovers may become appropriate after further investigation and discovery herein.

## ADMISSIONS AND DENIALS

1. With regard to Marilyn's allegations in the RFO, Brian admits he was married to Marilyn from December 1964 until they divorced in March 1981, and admits that the terms of Brian's and Marilyn's divorce and property settlement are set forth in the judgment entered on March 4, 1981, which incorporates their Marital Settlement Agreement ("the 1981 Judgment").

2. Brian denies all other claims and arguments Marilyn makes in her RFO, including but not limited to any and all claims that Brian has in any way violated the terms of the 1981 Judgment or breached any contractual, judicial, or other obligations he had or has to Marilyn, and Brian denies that Marilyn has been harmed in any manner or at all by Brian as a result of the matters alleged in Marilyn's RFO.

## FIRST AFFIRMATIVE DEFENSE

3. Marilyn's claim that she is entitled to proceeds from Brian's December 2021 disposition of his copyright termination interests in certain musical compositions he composed or co-composed before 1970 is barred by the provisions of the Copyright Act, 7 U.S.C. §304(c) et seq, for the following reasons: (i) Marilyn could never own termination rights in such works, because as an ex-spouse she is

not in the class of persons entitled to own or exercise those rights pursuant to 17 U.S.C. §304(c)(2); (ii) Brian did not own or control those rights, and those rights did not vest in Brian, until 2011 through 2015, at least 30 years after the 1981 Judgment, when he served notices of termination on third party copyright owners pursuant to 17 U.S.C. §304(c)(4)(A) and §304(c)(6)(B); (iii) Brian could not have contractually assigned to Marilyn his contingent future copyright termination interests in the 1981 Judgment because he did not own or control those rights in 1981, and any attempt by him to do so before they vested in him would have been an unenforceable "agreement to the contrary" barred by 17 U.S.C. §304(c)(5); and (iv) 17 U.S.C. §304 preempts California community property law to the extent that state law purports to assign interests in contingent future termination interest to an ex-spouse contrary to the provisions of 17 U.S.C. §304.

## SECOND AFFIRMATIVE DEFENSE

4. Marilyn's claim that the copyright termination interests in musical compositions that began to vest in Brian through his actions in serving notices of termination beginning in 2011 were "omitted assets" pursuant to California Family Code §2556 is barred because: (i) Marilyn was on notice of the potential termination of Brian's grants of copyright to third parties when Congress created them in the Copyright Act of 1976– five years before Brian's and Marilyn's divorce – thereby making any potential claim regarding same a known claim not subject to that Family Code provision; and (ii) the copyrights at issue were not part of the marital estate at the time of the divorce, because they were owned by third party music publishing companies in 1981.

## THIRD AFFIRMATIVE DEFENSE

5. Marilyn's claim to the copyright termination interests in musical compositions that vested in Brian beginning in 2011 is barred by the provisions of the 1981 Judgment, which by its express terms limits its grants to Marilyn of *then-existing* musical composition copyright interests, and the copyright termination

interests at issue did not exist and did not vest in Brian until 2011 through 2015.

### FOURTH AFFIRMATIVE DEFENSE

6.  Marilyn's claim to co-ownership interests in the musical composition copyright termination interests that vested in Brian beginning in 2011 is barred by the Copyright Act's three-year statute of limitations set forth at 17 U.S.C. §507(b).

### FIFTH AFFIRMATIVE DEFENSE

7.  Marilyn's claim that she is entitled to a share of the sound recording revenues from Brothers Records, Inc. is barred by the terms of the 1981 Judgment and the Marital Settlement Agreement it incorporates, which (i) grants Marilyn certain specified rights that do not include sound recording rights and royalties, (ii) makes an unequivocal blanket grant to Brian of all rights related to The Beach Boys not specifically granted to Marilyn, including all sound recording rights and royalties, and (iii) grants to Brian 100% of his stock in Brother Records, Inc., the entity that owned said sound recording rights and received those sound recording royalties.

### SIXTH AFFIRMATIVE DEFENSE

8.  Marilyn's claim that she is entitled to a share of the sound recording revenues from Brothers Records, Inc. is barred by the doctrine of laches because, inter alia, Marilyn unreasonably delayed 40 years to assert such rights, and conducted one or more audits without asserting such rights, to Brian's prejudice.

### SEVENTH AFFIRMATIVE DEFENSE

9.  Marilyn's claim that she is entitled to an audit at Brian's expense is barred by terms of the 1981 Judgement and the Marital Settlement Agreement it incorporates, which require that "[a]ny audit requests by Wife [Marilyn] shall be at her sole expense…", and that "any audit requested by respondent [Marilyn] shall be at her sole expense."

### EIGHTH AFFIRMATIVE DEFENSE

10.  Marilyn's request for attorneys' fees is barred the 1981 Judgment,

which provides that each party shall bear their own attorneys' fees and costs, and is also barred because her RFO admits she has no basis to bring an action for enforcement, and that her allegations against Brian are speculative until an audit is conducted that reveals a basis for such a claim. She therefore has no basis to claim fees pursuant to California Family Code §§2030 and 2032, or on any other basis.

### NINTH AFFIRMATIVE DEFENSE

11.  Marilyn's claims are barred, in whole or in part, by the doctrines of waiver and estoppel because, inter alia, she made no claims to Brian's copyright termination interests, or to a share of the sound recording revenues from Brother Records, Inc., for 40 years after agreeing that Brian would own those interests in the Marital Settlement Agreement incorporated into the 1981 Judgement, and Brian has reasonably relied on her 1981 agreement and 40-year course of conduct since entering into the 1981 Judgment to his prejudice.

### PRAYER FOR RELIEF

Wherefore, Brian prays for relief as follows:

1. That the Court deny Marilyn's RFO in its entirety.
2. That Marilyn take nothing by way of her RFO.
3. That judgment be entered in favor of Brian with regard to all of the claims in Marilyn's RFO.
4. That Brian be awarded his attorneys' fees herein.
5. For such other and further relief as the Court deems just and proper.

DATED: April 1, 2022

Respectfully submitted,

RIMON, P.C.

By:    */s/ Mark S. Lee*
Mark S. Lee (SBN: 94103)
mark.lee@rimonlaw.com
RIMON, P.C.
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone/Facsimile: 310.375.3811

SPECTOR LAW, P.C.
Samantha Spector (SBN 204482)
ss@spectorlawfirm.com
1901 Avenue of the Stars Suite 1020
Los Angeles, California 90067
Telephone: 424-313-7500
Facsimile: 424.313.7505

Attorneys for Petitioner and Opposing Party BRIAN WILSON

6
BRIAN WILSON'S INITIAL RESPONSE TO MARILYN WILSON-RUTHERFORD'S REQUEST FOR ACCOUNTING AND OTHER RELIEF