JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:22-cv-01982-JLS-MAA | Date: August 11, 2022 |
| Title:  Brian Wilson v Marilyn Wilson Rutherford | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V.R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                             Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING MOTION TO REMAND TO CALIFORNIA FAMILY COURT PURSUANT TO 28 U.S.C. § 1447(c) (Doc. 21)**

Before the Court is a Motion to Remand to California Family Court Pursuant to 28 U.S.C. § 1447(c) filed by Respondent Marilyn Wilson-Rutherford.  (Mot., Doc. 21.)  Petitioner Brian Wilson opposed, and Respondent replied.  (Opp., Docs. 25-1; Reply, Doc. 26.)  Having considered the pleadings, the parties' briefs, and for the reasons stated below, the Court GRANTS the Motion.

**I.     BACKGROUND**

In 1979, a petition to dissolve the marriage between Marilyn and Brian[1] was filed in the Family Law division of the Los Angeles Superior Court.  (Ex. B, Doc. 22-2.)  The Court permitted the parties to dissolve the marriage and issued a forty-two-page judgment that allocated the parties' property holdings (the "1981 Judgment").  (Ex. C (1981 Judgment), Doc. 22-3.)  As relevant here, the 1981 Judgment provided, among other things, that the 170 musical compositions Brian had written during his marriage with

---

[1] The Court intends no disrespect by using first names; the intent is to allow the reader to readily distinguish the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01982-JLS-MAA                                    Date: August 11, 2022
Title:  Brian Wilson v Marilyn Wilson Rutherford

Marilyn as a member of *The Beach Boys* constituted community property (hereinafter, the "Community Works").  (*Id.* ¶ 6.)  Pursuant to the Los Angeles Superior Court's ruling, Marilyn and Brian would each hold a 50% interest in the Community Works as tenants-in-common.  (*Id.* ¶ 7.)  While the 1981 Judgment provided that Brian had the sole right "to administer and exploit all rights" in the Community Works, he was required to "transmit" to Marilyn her share of any monetary receipts arising from that exploitation.  (*Id.* ¶¶ 8-9.)  The 1981 Judgment provided that the Los Angeles Superior Court retained jurisdiction to oversee disputes related to the Community Works and to fashion whatever appropriate relief necessary to effectuate the Judgment.  (*Id.* ¶¶ 9; Ex. C at PDF Page 2, Doc. 22-3.)

As relevant to this dispute, Brian purportedly transferred the rights to the music he wrote, including the Community Works at issue here, to Sea of Tunes, Inc.  (Declaration of Eric Custer ("Custer Decl.") ¶ 3, Doc. 24-3.)  In return, Sea of Tunes "promised to pay Brian songwriter royalties" while it "retained the other 50% of revenues as the copyright owner."  (*Id.*)  Later on, Sea of Tunes' rights in those works were transferred to Universal Music Publishing.  (*Id.*)  Pursuant to the 1981 Judgment, Marilyn allegedly acquired a 50% community interest in the contractual revenues generated.  (*See*, *e.g.*, Opp. at 2, Doc. 24.)

Beginning in 2011, Brian began terminating the copyright grants in the Community Works he had issued to entities such as Universal Music Publishing (hereinafter referred to as the "Reverted Rights").  (Custer Decl. ¶ 5, Doc. 24-3.)  Brian terminated the grants pursuant to 17 U.S.C. 304(c) of the Copyright Act, which permits an author of a copyrighted work to terminate a grant of a copyright "at any time during a period of five years beginning at the end of fifty-six years from the date copyright was originally secured, or beginning on January 1, 1978, whichever is later."  17 U.S.C. § 304(c)(3); Mot. at 12, Doc. 21; Opp. at 3, Doc. 24.  In December 2021, Brian sold the Reverted Rights along with other surviving rights in the Community Works (the "Extant

**CIVIL MINUTES – GENERAL**                                                          2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-01982-JLS-MAA            Date: August 11, 2022
Title: Brian Wilson v Marilyn Wilson Rutherford

Rights") to a third-party. (Custer Decl. ¶ 6, Doc. 24-3.) Marilyn contends that Brian purported to pay "her 50% tenant-in-common interest for his sale of the Extant Rights" but "paid her nothing of the proceeds allocated to the Reverted Rights." (Mot. at 13, Doc. 21.)

On February 18, 2022, Marilyn filed a Request for Order ("RFO") in the Family Law division of the Los Angeles Superior Court against Brian. (Ex. 1 (RFO), Doc. 1-1.) In the RFO, Marilyn sought an accounting and payment of all funds that Brian owed her "as a result of her interest" in the Community Works awarded to her under the 1981 Judgment. (*Id.* at PDF Page 6.) Marilyn requested that the Los Angeles Superior Court award her "a minimum of $6,704,879.64 for the sale of 50% of the community property reversion rights, or such other amount as may be determined by the Court, and an additional amount for producers' royalties." (*Id.*) As to accounting, the RFO provided that the accounting, at a minimum, should include: (1) "a computation of Marilyn's copyright reversion rights"; (2) "a complete computation of Marilyn's rights to 50% of Brian's producer royalties"; and (3) "a complete computation of Marilyn's rights to 50% of all sums generated from synchronization licenses, mechanical royalties, public performance royalties, . . . and royalties based on Brian's performance of the songs." (*Id.*) The RFO also requested that the Superior Court find any omitted assets from the 1981 Judgment be declared an omitted asset under California Family Code Section 2556. (*Id.*) Lastly, the RFO requested that attorneys' fees and costs be awarded in connection with her RFO. (*See*, *e.g.*, *id.* at PDF Page 15.)

On March 25, 2022, Brian removed the action to this Court based on Marilyn's request that sought an accounting and computation of her copyright reversion rights. (Notice of Removal, Doc. 1.) In the Notice of Removal, Brian notes that he was served with the RFO wherein Marilyn claims "she is entitled to half of the proceeds from Brian's December 2021 disposition of his copyright termination interests in certain musical compositions Brian composed or co-composed before 1970." (*Id.* at 2.) Brian

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01982-JLS-MAA                                                      Date: August 11, 2022
Title:  Brian Wilson v Marilyn Wilson Rutherford

asserts that federal-question jurisdiction exists because the "copyright termination interests were created by 17 U.S.C. § 304, and § 304 must be applied to determine whether Marilyn has any interest in them." (*Id.*)  As support for his argument, Brian argues that although the parties were married from 1964 to 1978, the Reverted Rights he sold in the Community Works cannot be community property because pursuant to Section 304(c) the termination rights did not first vest until 2011.  (*Id.* at 10.)  Brian also argues, among other things, that the Reverted Rights are not community property because "Marilyn could never own termination rights . . . under 17 U.S.C. § 304(c), because she is not in the class of persons to whom the Copyright Act gives standing to own or exercise such rights."  (*Id.*)

Marilyn now seeks to remand this case back to the Family Law division of the Los Angeles Superior Court.  (Mot., Doc. 21.)  Marilyn argues that remand is proper here because she "makes no claim grounded in the Copyright Right—she does not allege any infringement, copying or similar claims protected by the Copyright Act." (*Id.* at 9.)  She also argues that "[s]he does not even dispute that Brian has the right to control the use of the copyrights in his musical compositions." (*Id.*)  Marilyn notes that she simply argues that "under the 1981 Judgment and California Family Code . . . she has a 50% community property interest in the copyrights and any referred thereof, and Brian must account to her for those interests." (*Id.*)

## II.  LEGAL STANDARD

"A defendant may remove an action originally filed in state court only if the case originally could have been filed in federal court." *In re NOS Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1441(a)).  There is a "strong presumption" against removal jurisdiction, and the defendant seeking removal bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-01982-JLS-MAA | Date: August 11, 2022 |
| Title: Brian Wilson v Marilyn Wilson Rutherford | |

Cir. 1992). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Home Loans Serv., LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

For removal to be proper based on federal question jurisdiction, a federal question must appear on the face of the complaint. *See Chesler/Perlmutter Prods. v. Fireworks Entm't, Inc.*, 177 F. Supp. 2d 1050, 1055 (C.D. Cal. 2001). "The plaintiff is the master of the complaint," and ordinarily, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Moreover, a defendant "cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law." *Id.* at 399.

The rare exception to the plaintiff's mastery of the complaint rule is the complete preemption doctrine. *See Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000). Some federal statutes have such a strong preemptive force that they "completely preempt" an area of state law, and even state law claims in such areas are treated as if they are federal claims, and therefore, they may be removed to federal court. *See id.* "Because complete preemption often applies to complaints drawn to evade federal jurisdiction, a federal court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims." *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998), *overruled by statute on other grounds*.

### III. DISCUSSION

There is no real dispute that the RFO does not, on its face, allege a claim arising under the Copyright Act. The RFO requests an accounting and payment of funds owed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-01982-JLS-MAA                      Date: August 11, 2022
Title: Brian Wilson v Marilyn Wilson Rutherford

Marilyn pursuant to the 1981 Judgment, or in the alternative, an order finding that certain assets be considered an omitted asset under Section 2556 of California's Family Code. (*See* Ex. 1 (RFO) at PDF Page 6, Doc. 1-1.) The mere fact that the RFO makes mentions "copyright" is "insufficient to support federal jurisdiction under the well-pleaded complaint rule." *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013); *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("repeated references" to federal law does not "create[] the cause of action under which ARCO sues"); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) ("The direct and indirect references to Title VII in those two state law causes of action do not make those claims into federal causes of action."). Accordingly, the primary issue for the Court to decide is whether the federal Copyright Act completely preempts Marilyn's claims.

      "The Copyright Act specifically preempts 'all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright.'" *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) (quoting 17 U.S.C. § 301(a)). "The rights protected under the Copyright Act include the rights of reproduction, preparation of derivative works, distribution, and display." *Id.* (citing 17 U.S.C. § 106). The Ninth Circuit has applied a two-part test to determine whether a state law claim is preempted by the Copyright Act. *Laws v. Sony Music Entm't*, 448 F.3d 1134, 1137-38 (9th Cir. 2006). Courts must first "determine whether the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. § 102 and 103." *Id.* at 1137. Second, "assuming that it does," courts "must determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the *exclusive rights of copyright holders*." *Id.* at 1137-38 (emphasis added).

      Marilyn focuses her Motion primarily on the second prong. To satisfy the equivalent rights part of the preemption test, the asserted state-law cause of action must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01982-JLS-MAA                                                              Date: August 11, 2022
Title:  Brian Wilson v Marilyn Wilson Rutherford

seek to protect a right equivalent to an exclusive right within the scope of the Copyright Act, namely the exclusive rights of reproduction, preparation of derivative works, distribution, and display.  *Id.* (citing *Del Madera Props. v. Rhodes & Gardner*, 820 F.2d 973, 977 (9th Cir. 1987), *overruled on other grounds*).  Therefore, "[t]o survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights."  (*Id.* (internal quotation marks omitted)).  In other words, the "state claim must have an extra element which changes the nature of the action." *Id.* (internal quotation marks omitted).  Marilyn argues that the rights sought to be protected in the RFO are qualitatively different from the exclusive rights provided by the Copyright Act.  (*See*, *e.g.*, Mot. at 18-19, Doc. 21.)  For example, Marilyn argues that some of the extra elements in her community property claim "include proving that the unvested Reverted Rights were acquired during the marriage, that they were acquired while domiciled in California, and that dividing them equally would further the equal distribution of community assets."  (Mot. at 18, Doc. 21.)  Brian offered no opposition to Marilyn's argument that the above extra elements are present in her community property claim, and for that reason, concedes the validity of Marilyn's argument.  (*See* Opp. at 14-15, Doc. 24); *Kakalia v. Hawaii*, 2019 WL 2902509, at *1 (C.D. Cal. Apr. 25, 2019) (Staton, J.), *aff'd*, 808 F. App'x 582 (9th Cir. 2020).

      Instead, Brian attempts to side-step the extra element analysis by arguing that it is irrelevant as Marilyn's claim *requires* application of Section 304(c) of the Copyright Act (Opp. at 14-15, Doc. 24); the Court disagrees.  Section 304(c) permits an author of a copyrighted work to terminate a grant of a copyright "at any time during a period of five years beginning at the end of fifty-six years from the date copyright was originally secured, or beginning on January 1, 1978, whichever is later."  17 U.S.C. § 304(c)(3).  However, in the RFO, Marilyn does not assert that she has a right to terminate any grants of copyrights in the Community Works; nor does she dispute that Brian had the right to terminate the grants.  (Ex. 1 (RFO), Doc. 1-1.)  Instead, Marilyn merely asserts that she is entitled to certain revenues arising from Brian's exploitation of the Community Works,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-01982-JLS-MAA | Date: August 11, 2022 |
| Title: Brian Wilson v Marilyn Wilson Rutherford | |

as provided under the 1981 Judgment (or more broadly under California's family law). (Ex. 1 (RFO), Doc. 1.) Whether Marilyn has a right to certain economic benefits arising from Brian's decision to sell the Reverted Rights under the 1981 Judgment and California's Family Code is simply not an issue addressed by Section 304(c). Indeed, courts in the Ninth Circuit have routinely held that a court lacks federal-question jurisdiction in cases involving a claimed right to economic benefits associated with a work that is divorced from the exclusive rights protected by the Copyright Act. *See, e.g., Segundo Suenos, LLC v. Jones*, 494 F. App'x 732, 734 (9th Cir. 2012) (finding court lacked subject matter jurisdiction in case concerning a copyright work where if the action were "recast" it would be "really an action to recover royalties under a contract"); *Yount v. Acuff Rose-Opryland*, 103 F.3d 830, 835 (9th Cir. 1996) (noting that "our prior decisions and those of other courts establish the principle that construction of the assignment of royalty interests is a question of state law" and that a royalty interest is separate from the copyright interest as it is just "an interest in receiving money when the owner of the copyright exploits"); *Holiday Legacy IP, LLC v. Cleveland*, 2014 WL 12573372, at *3 (C.D. Cal. Aug. 13, 2014) ("Plaintiffs do not allege that the royalties arise from unlawful reproduction or distribution. Because Plaintiffs do not seek to vindicate any of the rights enumerated under § 106, their conversion claim is not preempted by the Copyright Act."). [2]

  Brian next asserts that the claim asserted in the RFO arises under federal law because "the Copyright Act must be applied to determine ownership." (*See, e.g.*, Opp. at 8, Doc. 24.) As an initial matter, the Court has serious doubts as to whether the claim at issue here requires that the Copyright Act be applied. Aside from Marilyn's arguments

---

  [2] *See also Rodrigue v. Rodrigue*, 218 F.3d 432, 440 (5th Cir. 2000) ("Notably absent from the Copyright Act's exclusive sub-bundle of five rights is the right to enjoy the earnings and profits of the copyright," and "[w]e discern nothing in the Act's plain wording or legislative history to indicate that Congress-fully aware of the existence of community property laws in a number of states—had any intention of preempting that entire body non-federal law as well.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01982-JLS-MAA                                           Date: August 11, 2022
Title:  Brian Wilson v Marilyn Wilson Rutherford

pursuant to the 1981 Judgment, Marilyn also argues that irrespective of who owns the Reverted Rights, California's family law can be applied to determine how to equitably divide the cash proceeds from Brian's sale of the Reverted Rights.  (*See*, *e.g.*, Reply at 9-10 (citing, among other things, Cal. Fam. Code § 2550 and *In re Marriage of Oliverez*, 33 Cal. App. 5th 298, 310, 313 (2019), Doc. 26.)  For example, Marilyn notes, that pursuant to California's community property law, "the Family Court could determine that because Brian performed the services necessary to create the musical compositions during marriage, the proceeds from the sale of the Reverted Rights are community assets, or it could decide to grant the funds from the Reverted Rights to Brian but grant a greater share of other funds to Marilyn in order to equalize the sharing of martial property."  (*Id.* at 10.)  Brian has not shown that Section 304(c), the provision upon which he relies, forecloses such arguments.  Indeed, Section 304(c) provides that "[t]ermination of a grant under this subsection affects only those rights covered by the grant that arise under this title, and in no way affects rights arising under" state law.  17 U.S.C § 304(c)(6)(E).[3]

      Moreover, Ninth Circuit jurisprudence teaches that "[a] claim seeking a mere naked declaration of ownership or contractual rights does not give rise to subject matter jurisdiction, even though the claim might incidentally involve a copyright or the Copyright Act."  *Baker v. Baker*, 860 F. App'x 502, 504 (9th Cir. 2021) (internal quotation marks omitted); *see also Vestron, Inc. v. Home Box Off., Inc.*, 839 F.2d 1380, 1381 (9th Cir. 1988) ("[W]here a suit is for a naked declaration of copyright ownership without a bona fide infringement claim, federal courts decline jurisdiction").  This is because the Copyright Act does not "specify a cause of action to fix the locus of ownership," and if the claim does not seek to vindicate an express remedy under the

---

[3] Brian's attempt to argue that he has a defense to Marilyn's state-law claim under the Copyright Act (*see*, *e.g.*, Opp. at 11, Doc. 24) does not transform this case into one arising under federal law.  *Segundo Suenos, LLC*, 494 F. App'x 732, 735 (9th Cir. 2012) ("The absence of federal question jurisdiction is not cured by a defense arising from copyright law.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01982-JLS-MAA                                  Date: August 11, 2022
Title:  Brian Wilson v Marilyn Wilson Rutherford

Copyright Act (e.g., for infringement), the claim really seeks to vindicate a right created under state law.  See *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 986 (9th Cir. 2003) (internal quotation marks omitted); *Vestron, Inc.*, 839 F.2d at 1382.  And here, Brian's Opposition and the RFO illustrates that the remedies Marilyn seeks are those not within the exclusive scope of the Copyright Act.

      Accordingly, the Court finds that Brian has failed to carry his burden in establishing federal subject-matter jurisdiction.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (noting that the party seeking removal "'always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court'").  Given the ruling here, the Court need not consider the additional arguments raised in the Motion.

**IV.**     <u>**CONCLUSION**</u>

      For the above reasons, Marilyn's Motion is GRANTED.  The case is hereby remanded to the Superior Court of California (Los Angeles), Case No. D 983 605.

                                                          Initials of Deputy Clerk: vrv